In the Matter of Lispnard T. **ALLISON, Jr.**

No. 985S362.

Supreme Court of Indiana.

Oct. 15, 1986.

Lispnard T. Allison, pro se.

Sheldon A. Breskow, Executive Secretary, Indianapolis, William G. Hussman, Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

PER CURIAM.

This matter is before us on a Statement of Circumstances and Conditional Agreement for Discipline entered into by Lispnard T. Allison, Jr., the Respondent, and the Indiana Supreme Court Disciplinary Commission and now tendered for this Court's approval. The agreement emanates from a Verified Complaint for Disciplinary Action filed against the Respondent by the Disciplinary Commission wherein he is charged with violating Disciplinary Rules 7–102 and 1–102(A)(4) of the *Code of Professional Responsibility for Attorneys at Law.*

Upon review of the matters submitted in this case and in accordance with the agreement of the parties, we find generally that the Respondent was admitted to the Bar of this State in 1979. In 1980, he was retained by Donald S. Hernandez to represent him in a divorce proceeding. The Respondent filed a Petition for dissolution of marriage on February 3, 1981, in the Lake Superior Court. On April 4, 1983, the case was dismissed for want of prosecution, without prejudice, pursuant to Trial Rule 41(E).

In March, 1984, the Respondent prepared a purported divorce decree, which in fact was fake and, thereafter, signed on the document a name, which appeared to be Lake County Superior Court Judge Gerald Svetanoff's name. The Respondent also file stamped the document with a stamp of the Lake County Clerk dated March 13, 1984. The Respondent then presented this

document to Hernandez when, in fact, the Petition for Dissolution had been dismissed approximately one year earlier and had not been refiled nor the action reinstated.

From the foregoing findings we conclude the the Respondent engaged in the charged misconduct. The Respondent knowingly made a false statement of fact. His conduct was illegal under Indiana Code 35–43–5–2 and it involved fraud deceit, dishonesty and misrepresentation.

In light of the foregoing conclusions and findings of fact, this Court now concludes that the agreed discipline, suspension from the practice of law for a period of one year, is appropriate.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Statement of Circumstances and Conditional Agreement for Discipline entered into by the parties is hereby approved, and, accordingly, the Respondent, Lispnard T. Allison, Jr., is hereby suspended from the practice of law in this State for a period of one year, beginning November 17, 1986.

Costs of this proceeding are assessed against the Respondent.